LAURA E. DUFFY
United States Attorney
AARON P. ARNZEN
California State Bar No. 218272
MICHELLE L. WASSERMAN
California State Bar No. 254686
Assistant United States Attorneys
880 Front Street, Room 6293
San Diego, CA 92101-8893
Telephone: (619) 546-8431
michelle.wasserman@usdoj.gov
Attorneys for the United States

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>ANN KATHERINE HUNTER,<br><br>Defendant | Case No.: 15CR1883-AJB<br><br>Date: September 11, 2014<br>Time: 2:00 P.M.<br><br>**UNITED STATES' MOTIONS IN LIMINE TO:**<br><br>1. ADMIT DEFENDANT'S STATEMENTS;<br>2. ADMIT CONVICTION DOCUMENTS<br>3. ADMIT EVIDENCE UNDER RULE 609;<br>4. ADMIT BUSINESS RECORDS UNDER RULE 902(11)<br>5. ADMIT EVIDENCE OF DEFENDANT'S PAROLE STATUS IN OHIO<br>6. PRECLUDE EVIDENCE OF DURESS OR NECESSITY;<br>7. EXCLUDE SELF-SERVING HEARSAY<br>8. PRECLUDE EXPERT EVIDENCE RELATING TO A MENTAL |
|---|---|

|   |   |
|---|---|
|   | DISEASE OR DEFECT; AND<br>9. MOTION FOR RECIPROCAL DISCOVERY |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Laura E. Duffy, United States Attorney, and Aaron Arnzen and Michelle L. Wasserman Assistant United States Attorneys, and hereby files its Motions <u>in</u> <u>Limine</u> in the above referenced case. These motions are based upon the files and records of this case together with the attached statement of facts and memorandum of points and authorities.

DATED: September 1, 2015.

                                               Respectfully submitted,

                                               LAURA E. DUFFY<br>                                               United States Attorney

                                               s/ *Michelle L. Wasserman*<br>                                               MICHELLE L. WASSERMAN

                                               Assistant United States Attorney

LAURA E. DUFFY
United States Attorney
AARON P. ARNZEN
California State Bar No. 218272
MICHELLE L. WASSERMAN
California State Bar No. 254686
Assistant United States Attorneys
880 Front Street, Room 6293
San Diego, CA 92101-8893
Telephone: (619) 546-8431
michelle.wasserman@usdoj.gov
Attorneys for the United States

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>      v.<br><br>ANN KATHERINE HUNTER,<br><br>            Defendant | Case No.:  15CR1883-AJB<br><br>Date: September 11, 2014<br>Time: 2:00 P.M.<br><br>**UNITED STATES' STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES** |

## I

## STATEMENT OF FACTS

**A.        Defendant's Custodial Sentence**

While incarcerated in the State of Ohio prison system for a multitude of violations, Defendant sent threatening letters to a number of state judges, prosecutors and court personnel.  After a United States Magistrate Judge signed a search warrant

sought by United States Postal Inspectors concerning this conduct, Defendant began sending threatening letters to the Magistrate Judge, too. One of the letters was delivered; at least two more were intercepted prior to delivery. Defendant was charged with 18 U.S.C. § 876(c), Mailing a Threating Communication to a United States Judge, in the Southern District of Ohio, pled guilty and was sentenced on December 8, 2010. She was sentenced to 60 months in custody, and served the first four years in Ohio. She was transferred to CAI to serve the remainder of her custodial sentence on December 23, 2013.

### B. Defendant's Escape

Like almost all inmates at CAI, Defendant had some limited privileges to leave the facility, subject to approval by staff. In connection with her off-site activities, Defendant sought specific approval; in response, CAI personnel either denied or granted the request, and if granted, Defendant was advised how long she could be gone and when she was required to return (which was never more than 8 hours after departure). While there, Defendant agreed to abide by CAI's rules, which included obtaining permission before leaving the facility and signing out of the facility when leaving and signing back in when returning to the facility. From December 2013 through April 2014, Defendant signed out and signed in as required by the rules. One of Defendant's requests was to attend weekly religious services at a nearby church. Pursuant to CAI's permission to attend these services and its general in/out policies, Defendant signed out of the facility at 8:55 AM on April 20, 2014, as she had on many prior occasions. But on April 20, 2014, Defendant walked out of CAI with all of her personal belongings and never came back.

### C. **Defendant's Apprehension**

The United States Marshal's Service ("USMS") was alerted to Defendant's escape and, on May 8, 2014, obtained a warrant for her arrest. The United States Marshals apprehended Defendant over a year later, on July 7, 2015, when she attempted to enter MCAS Miramar, and officials there learned there was an outstanding warrant for her arrest in connection with her escape from CAI.

### D. **Defendant's Statements**

Defendant made statements while at CAI that provide evidence of her state of mind as it relates to the escape. While at CAI, Defendant learned that she would have to return to Ohio following her release from custody, due to her active parole status there. Prior to her escape, Defendant told personnel at CAI that (1) she would rather commit another federal crime than return to Ohio in order to meet the conditions of her state parole there – "There's no way in hell I'm going back to Ohio"; (2) she intended to permanently leave CAI prior to her release date because she was frustrated with the rules at CAI and with her inability to find employment; and (3) when advised of the consequences of escape by CAI personnel, she responded by stating "I'm going to do what I am going to do." Following her arrest, during routine booking questions, Defendant spontaneously told the Deputy United States Marshals who apprehended her that she left CAI because she simply "could not handle it" there.

## II

## STATEMENT OF THE CASE

On July 16, 2015 a federal grand jury returned an Indictment charging Defendant with Escape from Federal Custody, in violation of 18 U.S.C. §§ 751(a)

and 4082(a). On July 21, 2015, Defendant was arraigned on the Indictment and entered a plea of not guilty. Defendant filed no pretrial motions in the present case.

## III

## MEMORANDUM OF POINTS AND AUTHORITIES

### A. THE COURT SHOULD ADMIT DEFENDANT'S STATEMENTS

#### a. The Court Should Admit Defendant's Statements to CAI Staff

As detailed above, prior to her escape from CAI, Defendant made a number of statements to staff at CAI regarding her frustration and her unwillingness to return to Ohio following her release from custody. Defendant indicated that she would rather commit another federal crime, rather than return to Ohio. Although Defendant was in the custody of CAI at the time she made these statements, she made these statements voluntarily to staff members prior to her offense, and was not subject to any additional restraint (other than her status at CAI), therefore they were not "custodial" for purposes of the Fifth Amendment nor were they the product of interrogation. See Maryland v. Shatzer, 559 U.S. 98, 113 (2010) ("[L]awful imprisonment imposed upon conviction of a crime does not create the coercive pressures identified in Miranda."); Tawfeq Saleh v. Fleming, 512 F.3d 548, 551 (9th Cir. 2008) (finding inmate call to police from custody was not "custodial" statement because he initiated the phone call and was free to terminate the discussion at any time). This Court may admit these statements without engaging in the 18 U.S.C. § 3501 voluntariness analysis because these statements were made by Defendant without interrogation, prior to her arrest or detention on the instant offense. See 18 U.S.C. § 3501(d). This Court should admit Defendant's statements to CAI staff.

### b. The Court Should Admit Defendant's Spontaneous Statements Post-Arrest

This Court should similarly admit Defendant's spontaneous statements to the United States Marshals following her arrest during routine booking questions. The Ninth Circuit has held repeatedly that "routine gathering of background biographical information, such as identity, age, and address, usually does not constitute interrogation." United States v. Washington, 462 F.3d 1124, 1132 (9th Cir. 2006). Here, while the U.S. Marshals were gathering routine information, Defendant spontaneously made a statement about leaving CAI. Because this statement was spontaneous, and not given by Defendant during the course of interrogation, this Court may admit this statement without engaging in the 18 U.S.C. § 3501 voluntariness analysis. See 18 U.S.C. § 3501(d).

### B. THE COURT SHOULD ADMIT DEFENDANT'S CERTIFIED CONVICTION DOCUMENTS SHOULD THE PARTIES NOT REACH A STIPULATION REGARDING HER PREDICATE CONVICTION

The United States has sent a proposed stipulation to defense counsel that would obviate the need to admit Defendant's certified conviction documents to establish her custodial status at the time of her offense. See Old Chief v. United States, 519 U.S. 172, 191-92 (1997). However, absent such a stipulation the United States requests that the Court admit into evidence as a certified public record a copy of the Judgment and Commitment for Defendant's 2010 conviction, in order to establish Defendant's prior conviction and custodial status. See United States v. Wilson, 690 F.2d 1267, 1276 (9th Cir. 1982) (noting that the United States introduced a certified copy of the judgment and commitment to establish confinement for purposes of prosecution under 18 U.S.C. § 751, and finding that the United States need not prove that the confinement was by the direction of the Attorney General); United States v. Rosas-Garduno, 427 F.3d 352, 353 (9th Cir. 1970) (same).

### C. THE COURT SHOULD ADMIT EVIDENCE UNDER FED. R. EVID. 609

Defendant's criminal history includes, but is not limited to, seven felony convictions, including (1) Harassment by Inmate, in violation of ORC 2921.38(A), 2/6/2004, 12 months custody, Union County, Ohio, (Felony); (2) Retaliation, in violation of ORC 2921.054, 2/6/2004, 12 months custody (concurrent), Union County, Ohio (Felony); (3) Attempted Felony Assault, in violation of ORC 2903.11A, 5/13/2005, Champaign County, Ohio (Felony); (4) Assault, in violation of ORC 2903.13A, 10/3/2005, 6 months custody, Union County, Ohio (Felony); (5) Retaliation, in violation of ORC 2921.05A, 2/15/2008, 2 years custody, Union County, Ohio (Felony); (6) Harassment by Inmate, in violation of ORC 2921.38A, 7/15/2009, 6 months custody, Union County, Ohio (Felony); and (7) Mailing a Threatening Communication to a United States Magistrate Judge, in violation of 18 U.S.C. § 876(c), 12/15/2010, 60 months custody, Southern District of Ohio (Felony). The United States intends to use Defendant's prior convictions for impeachment purposes under Rule 609. Specifically, should Defendant testify, the United States intends to inquire about Defendant's felony convictions. If Defendant testifies at trial, she will place her credibility squarely at issue, and the United States should be able to inquire into his convictions.

Federal Rule of Evidence 609(a) provides in pertinent part:

> For purposes of attacking the credibility of a witness, (1) evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused; and (2) evidence that any witness has been

convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of punishment.

Fed. R. Evid. 609(a). The Ninth Circuit has listed five factors that the district court should balance in making the determination required by Rule 609. United States v. Browne, 829 F.2d 760, 762-63 (9th Cir. 1987). Specifically, the court should consider 1) the impeachment value of the prior crime; 2) the point in time of the conviction and the witness's subsequent history; 3) the similarity between the past crime and the charged crime; 4) the importance of the Defendant's testimony; and 5) the centrality of the Defendant's credibility. Id. at 762-63; see also United States v. Hursh, 217 F.3d 761 (9th Cir. 2000).

Here, the five Browne factors weigh in favor of admissibility with regard to her felony convictions. The impeachment value of Defendant's prior convictions are high as her repeated disregard for the law casts serious doubt upon her honesty. The crimes are recent, indeed all but two are within the last 10 years. Defendant's prior offenses are entirely different from her present offense. Cf. Browne, 829 F.2d at 763. Moreover, should Defendant testify, her credibility would become central to the case. Furthermore, whatever risk of unfair prejudice exists can be adequately addressed by sanitizing each of the felony conviction and providing the jury with a limiting instruction. Accordingly, the United States should be allowed to introduce evidence of Defendant's prior felony convictions under Fed. R. Evid. 609(a) if Defendant elects to testify at trial.

**D. THE COURT SHOULD ADMIT BUSINESS RECORDS UNDER FED. R. EVID. 902(11)**

The United States intends to admit certified records from CAI. These records are admissible under Fed. R. Evid. 803(6) and 902(11) as business records. Pursuant

to Rule 803(6), records of regularly conducted activity are admissible where "(A) the record was made at or near the time by — or from information transmitted by — someone with knowledge; (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit; (C) making the record was a regular practice of that activity; (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and (E) neither the source of information nor the method or circumstances of preparation indicate a lack of trustworthiness." Fed. R. Evid. 803(6); see also United States v. Johnson, 297 F.3d 845, 862 n.11 (9th Cir. 2002) (noting that "[t]he term 'business' as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.")

The United States gave notice of its intent to offer these business records in a written letter dated September 1, 2015. The Court should therefore admit these records. See Fed. R. Evid. 803(6); 902(11).

### E. THE COURT SHOULD ADMIT EVIDENCE OF DEFENDANT'S PAROLE STATUS IN OHIO AS INEXTRICABLY INTERTWINED WITH HER OFFENSE

The United States anticipates presenting testimony that Defendant knew she had to return to Ohio following her release in the present case due to her active parole status there, and that Defendant made a number of statements indicating her unwillingness to return to Ohio prior to escaping from CAI. The United States believes that this evidence is inextricably intertwined with Defendant's present offense. The Ninth Circuit has recognized two categories of evidence that it

considers "inextricably intertwined" with a charged offense and therefore may be admitted without regard to Rule 404(b).  United States v. DeGeorge, 380 F.3d 1203, 1220 (9th Cir. 2004).  First, "evidence of prior acts may be admitted if the evidence constitutes a part of the transaction that serves as the basis for the criminal charge.  Second, prior act evidence may be admitted when it was necessary to do so in order to permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime."  Id. (internal quotations omitted).  Here the United States must establish that Defendant "knowingly and voluntarily left custody without permission."  Ninth Circuit Model Criminal Jury Instruction § 8.44.  Defendant's statements regarding her parole status in Ohio, and her unwillingness to return to Ohio (including her intent to commit another federal crime to avoid returning to Ohio) are part of the transaction that serve as the basis for the present charge because they precede her escape and establish that her escape from custody, to avoid returning to Ohio, was knowing and voluntary.  Moreover, Defendant's statements regarding returning to Ohio do not make sense without the context of her required return to Ohio, therefore the fact of her parole status is also necessary to offer a coherent and comprehensible story regarding her offense, and her mental state prior to that offense.  See United States v. Daly, 974 F.2d 1215, 1217 (9th Cir. 1992) ("A jury is entitled to know the circumstances and background of a criminal charge. It cannot be expected to make its decision in a void—without knowledge of the time, place, and circumstances of the acts which form the basis of the charge."). The probative value of this evidence is high, given its direct relation to establishing one of the elements of the offense, and should the Court be concerned about prejudice it can give an appropriate limiting instruction.

### F. THE COURT SHOULD PRECLUDE EVIDENCE OF DURESS OR NECESSITY

Defendant should be precluded from presenting evidence or argument that she committed the charged offense due to duress or necessity because she cannot meet the elements of such a defense. The Ninth Circuit has long held "that a defendant is not entitled to present a duress defense to the jury unless the defendant has made a prima facie showing of duress in a pre-trial offer of proof." United States v. Vasquez-Landaver, 527 F.3d 798, 802 (9th Cir. 2008). Defendant must make a similar prima facie showing in order to present a necessity defense. United States v. Dorrell, 758 F.2d 427, 430 (9th Cir. 1985). The Ninth Circuit has repeatedly approved the exclusion of evidence of duress or necessity where the evidence described in the offer of proof is legally insufficient to establish the defense. See United States v. Schoon, 971 F.2d 193, 195 (9th Cir. 1991) ("A district court may preclude a necessity defense where the evidence, as described in the defendant's offer of proof, is insufficient as a matter of law to support the proffered defense.") (internal quotations omitted); United States v. Moreno, 102 F.3d 994, 997-98 (9th Cir. 1996) (affirming district court's decision to preclude evidence of duress defense where evidence legally insufficient to establish the defense).

In United States v. Bailey, 444 U.S. 394, 412 (1980) the Supreme Court held that "in order to be entitled to an instruction on duress or necessity" in the context of a charge of escape under 18 U.S.C. § 751(a), "an escapee must first offer evidence justifying his continued absence from custody as well as his initial departure. Indeed, "an indispensable element of such an offer is testimony of a bona fide effort to surrender or return to custody as soon as the claimed duress or necessity had lost its coercive force." Id. at 412-13. In other words, before Defendant may present a duress or necessity defense to a jury, she must proffer evidence that she surrendered

to authorities or made a bona fide effort to return to custody once she reached a place of safety. See <u>Bailey</u>, 444 U.S. at 415; <u>United States v. Kuok</u>, 671 F.3d 931, 949 (9th Cir. 2012).

In addition, in order to rely on a defense of duress, Defendant must establish a prima facie case that:

(1) Defendant committed the crime charged because of an immediate threat of death or serious bodily harm;

(2) Defendant had a well-grounded fear that the threat would be carried out; and

(3) There was no reasonable opportunity to escape the threatened harm.

See <u>Bailey</u>, 444 U.S. at 410-11; <u>Moreno</u>, 102 F.3d at 997. "Fear alone is not enough to establish a prima facie case of duress; the defendant must establish all three elements." <u>Moreno</u>, 102 F.3d at 997. "In the absence of a prima facie showing of duress, evidence of duress is irrelevant and may be excluded, and a jury instruction is not appropriate." <u>United States v. Ibarra-Pino</u>, 657 F.3d 1000, 1004 (9th Cir. 2011); <u>see also</u> <u>Bailey</u>, 444 U.S. at 416.

A defendant must establish the existence of four elements to be entitled to a necessity defense:

(1) That she was faced with a choice of evils and chose the lesser evil;

(2) That she acted to prevent imminent harm;

(3) That she reasonably anticipated a causal relationship between his conduct and the harm to be avoided; and

(4) That there was no other legal alternative to violating the law.

See <u>Schoon</u>, 971 F.2d at 195; <u>United States v. Dorrell</u>, 758 F.2d 427, 430-31 (9th Cir. 1985).

Defendant was not discovered by law enforcement for over a year after she escaped from CAI. The United States therefore moves for a ruling precluding defense counsel from making any comments during the opening statement or case-in-chief that relate to any defense of "duress," "coercion," or "necessity" unless Defendant can make a prima facie showing satisfying every element of the defense, including a bona fide effort to surrender to law enforcement and to return to custody. See Bailey, 444 U.S. at 415 (noting that to be entitled to an instruction on duress or necessity a defendant must "proffer evidence of a bona fide effort to surrender or return to custody as soon as the claimed duress or necessity had lost its coercive force.").

**G. THE COURT SHOULD EXCLUDE SELF-SERVING HEARSAY**

Defendant should be precluded from introducing her own out-of-court statements through the testimony of another witness, the opening statement of defense counsel, or argument by counsel. Any such attempt would be impermissible because those statements are hearsay. While the United States may use the statements of Defendant against her under Federal Rule of Evidence 801(d)(2) (admission of a party opponent), this Rule may not be relied upon by a defendant because she is not the proponent of the evidence and the evidence is not being offered against her (but rather on her behalf). A defendant cannot attempt to have "self-serving hearsay" brought before the jury without the benefit of cross examination by the United States. See, e.g., United States v. Fernandez, 839 F.2d 639, 640 (9th Cir. 1988) (en banc).

Nor can Defendant rely on Federal Rule of Evidence 801(d)(1)(B), which provides that a statement is not hearsay if "[t]he declarant testifies at trial or hearing and is subject to cross-examination concerning the statement, and the statement is . . .

consistent with the declarant's testimony and is offered to rebut an express or implied charge against the declarant of a recent fabrication or improper influence or motive[.]" Prior consistent statements are not admissible to counter all forms of impeachment or merely to bolster witness credibility. Rather, the Rule applies where a party is rebutting an alleged recent motive to fabricate. See Tome v. United States, 513 U.S. 150, 157-58 (1995). The Supreme Court has held that statements under Rule 801(d)(1)(B) are admissible only if they were made prior to the existence of a motive to fabricate. See id. Therefore, a prior consistent statement is admissible only when four elements are established by the proponent: (1) the declarant must testify at trial and be subject to cross-examination; (2) there must be an express or implied charge of recent fabrication or improper influence or motive of the declarant's testimony; (3) the proponent must offer a prior consistent statement that is consistent with the declarant's challenged in-court testimony; and (4) the prior consistent statement must be made prior to the time that the supposed motive to falsify arose. See United States v. Collicot, 92 F.3d 973, 979 (9th Cir. 1996); United States v. Bao, 189 F.3d 860, 864 (9th Cir. 1999) (holding that declarant's prior consistent statement was not admissible for purposes of rehabilitation when declarant had a motive to misrepresent to a reporter his knowledge of the crime he had committed); United States v. Frederick, 78 F.3d 1370, 1377 (9th Cir. 1996).

Further, Defendant cannot rely on Rule 803(3), which provides that the hearsay rule does not exclude then existing mental, emotional or physical condition. The Ninth Circuit has identified three factors for evaluating admissibility under Rule 803(3): contemporaneousness, chance for reflection, and relevance. See United States v. Ponticelli, 622 F.2d 985, 991 (9th Cir. 1980) (overruled on other grounds), United States v. DeBright, 730 F.2d 1255, 1259 (9th Cir. 1984). The underlying

rationale for the hearsay exception in Rule 803(3) is that the "declarant presumably has no chance for reflection and therefore for misrepresentation." Ponticelli, 622 F.3d at 991. Thus, the United States moves in limine for an order precluding any self-serving hearsay.

### H. THE COURT SHOULD PRECLUDE EXPERT EVIDENCE RELATING TO A MENTAL DISEASE OR DEFECT

Pursuant to Fed. R. Crim. P. 12.2(b), "[i]f a defendant intends to introduce expert evidence relating to a mental disease or defect or any other mental condition of the defendant bearing on . . . the issue of guilt . . . the defendant must – within the time provided for filing a pretrial motion or at any later time the court sets – notify an attorney for the government in writing of this intention and file a copy of the notice with the clerk." "The court may exclude any expert evidence from the defendant on the issue of the defendant's mental disease, mental defect, or any other mental condition bearing on the defendant's guilt . . . if the defendant fails to . . . give notice under Rule 12.2(b)." Fed. R. Crim. P. 12.2(d). The purpose of Rule 12.2 "is to give the government time to prepare to meet the issue, which will usually require reliance upon expert testimony. Failure to give advance notice commonly results in the necessity for a continuance in the middle of a trial, thus unnecessarily delaying the administration of justice." Fed. R. Crim. P. 12.2 Advisory Committee Notes.
Defendant has not, as of the date of this motion, given any expert notice, or provided the United States with any reciprocal discovery. The United States therefore respectfully requests that the Court preclude Defendant from introducing evidence of a mental disease or defect at trial.

# IV

# MOTION FOR RECIPROCAL DISCOVERY

The United States hereby moves the Court to order Defendant to provide all reciprocal discovery to which the United States is entitled under Federal Rules of Criminal Procedure 16(b) and 26.2. This includes, but is not limited to, the disclosures mandated by Rule 16(b)(1), namely all exhibits and documents which Defendant "intends to introduce as evidence in chief at the trial," and a written summary of the names, anticipated testimony, and bases for opinions of experts Defendant intends to call at trial under Federal Rules of Evidence 702, 703, and 705. As of the date of the filing of these motions, Defendant has not produced any reciprocal discovery. The United States requests that Defendant comply with Rule 16(b) of the Federal Rules of Criminal Procedure, as well as Rule 26.2, which requires the production of prior statements of all witnesses, except for those of Defendant. Defendant has not provided the United States with any documents or statements.

Accordingly, the United States intends to object at trial and ask this Court to exclude any evidence at trial which has not been provided to the United States prior to trial. The United States will also object at trial and ask this Court to exclude any testimony of witnesses whose prior statements have not been provided to the United States. Both the Supreme Court and the Ninth Circuit have excluded evidence not produced by the defense prior to trial. See Taylor v. Illinois, 484 U.S. 400, 410-11 (1988) (excluding evidence that was not identified by the defendant until the middle of trial); United States v. Scholl, 166 F.3d 964, 972 (9th Cir. 1999) (upholding the exclusion of defense exhibits because they were not disclosed until after the jury was sworn in).

# V

# CONCLUSION

For the foregoing reasons, the United States respectfully requests that its Motions in Limine be granted.

DATED: September 1, 2015.

                Respectfully submitted,
                LAURA E. DUFFY

                United States Attorney

               *s/ Michelle L. Wasserman*
                MICHELLE L. WASSERMAN
                Assistant United States Attorney

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>ANN KATHERINE HUNTER,<br><br>    Defendant | Case No.: 15CR1883-AJB<br><br>**CERTIFICATE OF SERVICE** |

IT IS HEREBY CERTIFIED THAT:

I, Michelle L. Wasserman, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **United States' Motions in Limine** on the following party by electronically filing the foregoing with the Clerk of the District Court using its ECF System.

1. Michelle Angeles, Esq.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 1, 2015.

*s/ Michelle L. Wasserman*
MICHELLE L. WASSERMAN